LEWIS F. LAMBERSON, Plaintiff, *v.* FRED S. WILTSE and GRAND UNION TEA Co., Defendants.

Supreme Court, Onondaga County, November 29, 1941.

*Lusk, Buck, Ames & Folmer* [*Arthur Agan* of counsel], for the plaintiff.

*Farnham & Martineau*, for the defendants.

CREGG, J.   About eleven-fifteen A. M. on December 17, 1940, the defendant Fred S. Wiltse parked a Grand Union truck in front of what is known as the Banner residence located on the west side of Route 18 which runs between Lafayette and Tully in this county. Route 18 is a State highway outside of a city or incorporated village and at the point in question is a two-strip concrete road with shoulders about three feet in width.   The right wheels were about one foot off the concrete upon the shoulder and the balance of the truck upon the concrete.   The truck was headed in a southerly direction.   It was a cold, blustery day and the road was slippery and icy.

While the truck was so parked it was collided with and run into from the rear by a Greyhound passenger bus which was driven by the plaintiff Lewis F. Lamberson in a southerly direction.   The jury rendered a verdict in favor of the defendants.

This is a motion to set aside the verdict on the grounds that the court erred in holding that section 58-a of the Vehicle and Traffic Law did not prohibit Wiltse from parking the Grand Union truck in the position which he did.   The court charged in substance that the defendant Wiltse had a right to park for a reasonable time in front of the Banner dwelling for the purpose of delivering coffee but that in doing so he was bound to comply with the provisions of section 58 of the Vehicle and Traffic Law which prevents unreasonable interference with the free and proper use of the highway by others.   In my judgment, it would be unreasonable to hold that a motor vehicle, no matter what the emergency was, could not be parked and left standing anywhere upon a public highway except in front of a dwelling or within 100 feet of a building used in whole or in part for business or professional purposes and then only in an emergency.

Plaintiff requested the court to charge that Wiltse, in parking the Grand Union truck in the position he did, violated section 58-a of the Vehicle and Traffic Law and that such violation constituted negligence.   This request the court refused.   The plaintiff also requested that unless the defendant Wiltse parked his vehicle and left it standing on the paved portion of the road in an emergency the said vehicle was in the highway unlawfully.   That request the court also refused.

I am convinced that no error was made in the submission of the case to the jury.   Motion for a new trial is denied.